UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JEFFERY COOPER,<br>　　　　　　Petitioner,<br>　v.<br>NETHANJAH BREITENBACH, *et al.*,<br>　　　　　　Respondents. | Case No. 3:23-cv-00067-MMD-CSD<br><br>ORDER |

## I.　SUMMARY

In his amended *pro se* 28 U.S.C. § 2254 habeas corpus petition, Jeffery Cooper challenges his Clark County, Nevada, conviction by a jury of attempted murder and battery, both with use of a deadly weapon. (ECF No. 13 ("Petition").) Respondents have moved to dismiss the Petition on the basis that it is untimely and contains claims that are unexhausted and/or noncognizable. (ECF No. 27 ("Motion").) Because several grounds are unexhausted, the Court grants the Motion in part.

## II.　BACKGROUND

### A.　State Court Proceedings

Cooper's convictions arose from an incident in which he and the victim bumped into each other when walking on the Las Vegas strip at night. They exchanged words and then Cooper shot the victim twice; he survived. (ECF No. 28-12 at 5-9.) The state district court sentenced Cooper to a term of 96 to 240 months for the attempted murder count, with a consecutive 48 to 120 months for the deadly weapon enhancement, and 48 to 120 months for the battery count, to run concurrently with the first count. (ECF No. 28-22.) Judgment of conviction was entered on August 23, 2017. (*Id*.) The Nevada Court of Appeals affirmed Cooper's convictions in July 2018 and affirmed the denial of his state postconviction petition in January 2023. (ECF Nos. 28-41; 30-32.)

### B.   Federal Habeas Proceedings

Cooper dispatched his original *pro se* federal habeas petition for mailing on or about February 10, 2023. (ECF No. 8.) In his amended petition, he alleges 11 grounds for relief, most of which are claims of ineffective assistance of trial and appellate counsel. (ECF No. 13 at 3-8.) Respondents now move to dismiss the Petition on the basis that some grounds are untimely and/or unexhausted or noncognizable. (ECF No. 27.)[1]

## III.   DISCUSSION

### A.   Timeliness of the Petition

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. *See* 28 U.S.C. § 2244(d). Respondents point out that 273 days of the limitations period had run before Cooper timely filed his original petition. (ECF No. 27 at 6.) Within a few days of filing the original petition, Cooper realized that, while he had written on both sides of the form petition, the law library at Northern Nevada Correctional Center scanned the front-side only of the pages. Thus, some grounds were not included in the original federal filing. He filed another document that set forth the omitted grounds. (ECF No. 3.) Several months later, after the AEDPA statute of limitations had expired, Cooper filed a purported motion to amend the petition. (ECF No. 11.) Although he merely set forth all 11 grounds for relief in a single document, the Court deemed the filing the operative petition for clarity and efficiency. (ECF Nos. 13, 15.) Respondents argue that the grounds inadvertently omitted from Cooper's original filing are untimely. The Court rejects this particularly narrow reading of the application of the statute of limitations. The grounds in the amended petition are timely.

### B.   Exhaustion

Respondents also argue that grounds 5, 6, 8, 9, 10, and 11 are unexhausted. (ECF No. 27 at 8-12.) A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *See*

---

[1] Cooper opposed the Motion, and Respondents replied. (ECF Nos. 35, 40.)

*Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). *See also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

### 1. Ground 6

Cooper asserts that the trial court erred when it denied his counsel's request to be replaced. (ECF No. 13 at 28.) He did not present this claim on direct appeal. (ECF No. 28-41.) Ground 6 is therefore unexhausted.

### 2. Grounds 8, 9, 10, and 11

Respondents also contend that the following claims of ineffective assistance of counsel are unexhausted.

> Ground 8: Trial counsel failed to object to the testimony of State's witness Detective Jeffrey Clark regarding a surveillance video, in violation of Cooper's Sixth and Fourteenth Amendment rights.
>
> Ground 9: Trial counsel failed to conduct a photographic or corporal line-up.
>
> Ground 10: Trial counsel failed to object to inflammatory remarks and other similar conduct.
>
> Ground 11: Appellate counsel failed to include video evidence to support argument during direct appeal.

(ECF No. 13 at 29-31.) Cooper did not present any of these four grounds in his appeal of the denial of his state postconviction petition. (ECF Nos. 30-12; 30-2.) These claims, therefore, are unexhausted.

### 3. Ground 5

Respondents also ask the Court to dismiss ground 5, Cooper's claim that the cumulative impact of ineffective assistance of counsel violated his constitutional rights.

(ECF No. 27 at 10, 12-13.) They argue that this ground is unexhausted and noncognizable. The Ninth Circuit has held that "the combined effect of multiple trial errors may give rise to a due process violation if it renders a trial fundamentally unfair, even where each error considered individually would not require reversal." *Parle v. Runnels*, 505 F.3d 922, 928 (2007) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 1974); *Chambers v. Mississippi*, 410 U.S. 289, 290 n. 3, 298, 302-03 (1973). *See also Killian v. Poole*, 282 F.3d 1204, 1211 (9th Cir. 2002). Because a cumulative error claim may implicate due process, the Court declines to dismiss the claim as noncognizable. Respondents also argue that Cooper never presented a cumulative error claim encompassing all the legal and factual allegations raised in his Petition to the Nevada appellate courts. (ECF No. 29 at 5.) A cumulative error claim may be exhausted to the extent that the underlying individual claims of error are exhausted. Cooper exhausted several claims of ineffective assistance of trial and appellate counsel. Accordingly, the Court declines to dismiss ground 5 at this stage of the litigation.

### 4. Steps to Proceed

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *See Rose*, 455 U.S. at 510. A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *See id*. Here, Grounds 6, 8, 9, 10, and 11 are unexhausted. Cooper, therefore, has these options: (1) he may submit a sworn declaration voluntarily abandoning the unexhausted claims and proceed only on the exhausted claims; (2) he may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or (3) he may file a motion asking the Court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits. If Cooper wishes to request a stay, he must file a motion for stay and abeyance in which he demonstrates good cause for his failure to

exhaust several claims in state court and presents argument regarding the question of whether or not the claims are plainly meritless. Respondents would then be granted an opportunity to respond, and Cooper to reply. Alternatively, Cooper may file a declaration voluntarily abandoning the unexhausted claims, as described above. Cooper's failure to choose any of the three options listed above, or seek other appropriate relief from this Court, will result in dismissal of the Petition.

## IV.    MOTION TO SEAL

Finally, Respondents have filed a motion for leave to file an exhibit *in camera* and under seal. (ECF No. 31.) While there is a presumption favoring public access to judicial filings and documents, a party seeking to seal a judicial record may overcome the presumption by demonstrating "compelling reasons" that outweigh the public policies favoring disclosure. *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). In general, "compelling reasons" exist where the records may be used for improper purposes. *Kamakana*, 447 F.3d at 1179 (citing *Nixon*, 435 U.S. at 598).

Here, Respondents ask to file Cooper's presentence investigation report ("PSI") *in camera* and under seal because it is confidential under state law and contains sensitive, private information. The Court has reviewed the PSI and concludes that Respondents have demonstrated compelling reasons to file the PSI under seal. However, the PSI does not appear to include information that is so sensitive to warrant *in camera* filing, nor do Respondents explain specifically why it would be necessary to file *in camera*. Accordingly, the Court grants the motion in part, and the PSI will remain under seal.

## V.    CONCLUSION

It is therefore ordered that Respondents' motion to dismiss (ECF No. 27) is granted in part and denied in part. The Motion is granted as to Grounds 6, 8, 9, 10, and 11 asserted in the amended petition (ECF No. 13). These grounds are unexhausted.

It is further ordered that Cooper has 30 days from the date of this order to select one of the following three paths: (1) Inform this Court in a sworn declaration that he wishes

to formally and forever abandon the unexhausted claims and proceed on the exhausted grounds; or (2) Inform this Court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; or (3) File a motion for a stay and abeyance, asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims. If Cooper fails to complete one of these options by the deadline, his amended petition (ECF No. 13) will be dismissed. If Cooper chooses to file a motion for a stay and abeyance or seek other appropriate relief, respondents may respond according to Local Rule 7-2.

It is further ordered that if Cooper elects to abandon his unexhausted claims, Respondents will have 30 days from the date Cooper serves his declaration of abandonment in which to file an answer to Cooper's remaining grounds for relief. The answer must contain all substantive and procedural arguments for all surviving grounds of the Petition and comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. § 2254. Cooper will then have 30 days from the date of service of Respondents' answer to file a reply.

It is further ordered that Respondents' motion for leave to file exhibits *in camera* and under seal (ECF No. 31) is granted in part and denied in part. The exhibit will remain under seal.

DATED THIS 1st Day of November 2024.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE